FALK v SECURITY SAV & LOAN CO et

Ohio Appeals, 1st Dist, Hamilton Co

No 5018. Decided June 8, 1936

Falk & Paul, Cincinnati, and Rubenstein & Falk, Cincinnati, for plaintiff in error.

Moulinier, Bettman & Hunt, Cincinnati and James L. Magrish, Cincinnati, for defendant in error, Security Savings & Loan Company.

Benjamin S. Schwartz, Cincinnati, for defendant in error, Anna J. Gitman.

## OPINION

By ROSS, PJ.

This cause involves the consideration of a petition in error filed by the executor of the estate of Eva Novak, who was plaintiff in the Court of Common Pleas, and the cross-petition in error of the Security Savings & Loan Company, defendant in the Common Pleas Court, against Anna J. Gitman, defendant in error, and a defendant in the Court of Common Pleas, and thus brought into the case by the Loan Company.

The action was instituted by the executor who filed a petition in which he sought to recover from the Loan Company the amount of a balance of a deposit account as of the date of the death of his decedent. Demand and refusal to pay on the part of the Loan Company was alleged. Anna J. Gitman and Etta Levy were made parties defendant.

The Loan Company filed a general denial in answer to the petition, and for cross-petition alleged the original joint and survivorship account with Eva Novak and her daughter Etta Levy. It was further alleged that:

"On or about June 15, 1933, the defendant Anna J. Gitman notified this defendant that it was the desire of the said Eva Novak that the defendant Anna J. Gitman be substituted for her sister Etta Levy, who was in Germany, and the defendant Anna J. Gitman represented that she had authority to be substituted on the said joint and survivorship account and gave this defendant a letter from the said Etta Levy stating it to be the express wish of her mother, Mrs. Eva Novak, that she 'withdraw the validity of her signature' in connection with her account in the defendant company, which was referred to in said letter as a 'bank', and stating that she thereby so did."

It was further alleged that at the time of the withdrawal of Etta Levy there was on deposit the sum of $1535.00, and that the Company relying upon the representations of Anna J. Gitman, the Loan Company effected the substitution of Anna J. Gitman for Etta Levy and permitted the said Anna J. Gitman to withdraw from such account $767.50, as a joint owner of such account.

The company further alleged that there was still a balance in such account of $767.50, which the company stated might be the subject of claim by Anna J. Gitman or Etta Levy, and it was stated that the company was willing to pay such sum into court.

It is further alleged that:

"If the defendant Anna J. Gitman was without authority to be substituted for the said Etta Levy and to make the said withdrawals, there should be in said account the sum of $1,535.00, and, in that event, the defendant Anna J. Gitman is indebted to this defendant for said sum for money had and received by her from said account."

The company prayed that Anna J. Gitman be required to interplead as to her rights, if any, in the premises, and further alleged that the defendant Etta Levy may make a claim to said sum.

The executor filed a motion to vacate the entry making Anna J. Gitman and Etta

Levy parties defendant, and this motion was overruled.

Anna J. Gitman answered setting up the substitution of herself in place of her sister Etta Levy in the joint and survivorship account with their mother, Eva Novak, and admitted the payment to her, Anna J. Gitman, of one-half the account. She cross-petitioned against the Loan Company, praying for judgment for the balance of the account which the Loan Company had refused to pay her.

The Loan Company filed an answer and reply to the answer and cross-petition of Anna J. Gitman, in which the above facts were iterated.

No reply was filed by the executor. .
Service by publication was made upon Etta Levy.

Upon the trial of the case the Loan Company first attempted to have Anna J. Gitman testify to these facts. The executor objected and her testimony was excluded, under the provisions of §11495, GC, the first paragraph of which is as follows:

"A party shall not testify when the adverse party is the guardian or trustee of either a deaf and dumb or an insane person, or of a child of a deceased person, or is an executor or administrator, or claims or defends as heir, grantee, assignee, devisee, or legatee of a deceased person except: * * *."

This case presents an almost complete confusion of actions and cross-actions. The principal action was a simple action to compel the Loan Company to pay a debt which the executor alleged was owing to his decedent at the time of her death. The logical defense to such an action under the circumstances developed by the record would be that the Loan Company did not owe the estate the amount claimed. Whether it had paid a similar amount or any part thereof to another could not avail as against the claim of the executor if the balance claimed to be due the decedent was in fact undisturbed by her or some one lawfully claiming under her. It is true that the Loan Company was in a peculiar position, having paid half of the account to Anna J. Gitman, and still retained half of the account. Had it still the entire account in its possession it might have paid the money into court and prayed for interpleader, providing, however, that all parties who had an interest in the account could be made parties and lawfully served. Incidentally, in this action this was impossible. Etta Levy was in Germany. She could not be served by publication. See also Cross v Armstrong, 44 Oh St 613, 627. §11292, GC. She was a necessary party to an interpleader because she was one of the original parties with her mother Eva Novak to a joint and survivorship account in the Loan Company. It was alleged that she had surrendered this interest. Whether ██ or not she had done so is a question of fact. However, in any event the Loan Company could not interplead a part of the claim of the plaintiff and answer as to the rest. Its attempt to do so caused, at least, a part of the confusion appearing in the issues presented.

Neither Anna J. Gitman nor Etta Levy were therefore proper parties defendant. The action was strictly one between the executor and the Loan Company.

As the case was tried without a reply on the part of the executor, it might be urged that many of the facts alleged by the defendants were admitted. · However, as the case was tried upon the apparent theory that a reply had been filed, no point will be made of this omission here.

In view of what has been said, it might be sufficient to here determine that because of the misjoinder of causes of action and defendants, the entire case should be remanded for a new trial. However, for the further guidance of the parties, it is proper to note a few of the errors committed, and their consequences.

Anna J. Gitman was made a party over the objection of the executor, at least, he moved to vacate the entry making her such. Having been made a party, she could not testify against the executor as to conversations with his decedent. ·Her evidence was admitted solely against the Loan Company, although its attorney put her on the stand after her testimony had been excluded when attempting to give evidence for herself. With her evidence out, there was no evidence against the executor except that it was admitted that Etta Levy had an original joint and survivor interest in the account. The only suggestion in the case indicating a transfer of the interest of Etta Levy to her sister Anna J. Gitman of her interest in the account was a letter from Etta Levy to the Loan Company in the following terms:

"Berlin Charlottenburg,
Reichsstr. 97,
April 16, 1933
Security Savings & Loan Co.,
613 Walnut St., Cincinnati, Ohio.
Gentlemen:

It is the express wish of my mother, Mrs. Eva Novak, that I withdraw the validity of my signature in connection with her account in your bank, which I hereby do.

Very truly yours,

ETTA LEVY."

The plaintiff objected to this letter. Why, it is hard to understand, for if Etta Levy had not withdrawn from the account, then she would be the surviving owner of the account and entitled to it and thus completely defeat the claim of the executor, who could only claim upon the theory that his decedent at her death was the sole owner of the same.

The apparent conclusion of the jury was that the letter was sufficient evidence of a transfer of the interest of Etta Levy to Anna J. Gitman. Neither the letter itself nor the competent evidence in the record sustain this conclusion, or that the letter was shown to be authentic.

The motion of the executor for vacation of the entry making Anna J. Gitman and Etta Levy parties defendant should have been granted. If they desire to be made parties defendant, they may be made so on their own motion. §11255, GC. However, if they claim an interest it must be an interest in the matter in controversy, and it seems difficult to conceive in view of what has been said how either can have or justly claim to have an interest in the matter in controversy between the executor and the Loan Company.

The case is remanded for further proceedings in accordance with law.

In the future proceeding of this cause it must be borne in mind that the executor must sustain the burden of proving the ownership of the entire account in his decedent at the time of her death. In doing this it is necessary for him to prove also by the preponderance of the evidence that Etta Levy surrendered her interest in the account.

The judgment of the Court of Common Pleas is reversed and the cause remanded for a new trial.

MATTHEWS and HAMILTON, JJ, concur.